## KILLEY vs. SCANNELL.

*Fourth District Court for San Francisco Co., Feb. T.*, 1858.

#### ATTACHMENT—REPLEVIN DEMAND AND NOTICE.

*K.* sold certain goods to *W.*, to be delivered in a stated number of days, payment to be made upon delivery. *W.* took possession, however, at once, and paid part of the purchase money. Prior to the time when the goods were to have been delivered, they were seized by the defendant, as sheriff, under writ of attachment issued in actions brought against *W.* *K.* commenced this action of replevin against the sheriff, but did not demand them, or notify the sheriff of his claim to them, prior to the commencement of the action.

*Held,* That the action could not be maintained in default of such notice or claim.

On motion to set aside the report of the referee. The requisite facts are sufficiently referred to in the opinion.

*J. Clark* and *A. T. Willson*, for plaintiff.

*Janes, Lake & Boyd*, and *Ely & Rankin*, for defendant.

*A. T. Willson*, for plaintiff.

The defendant, who moves for a new trial, must show some error on the part of the referee, or the new trial will not be granted, if in any view of the case which the referee could legally have taken, he was

authorised in making the report he did make. *Johnson* v. *Sepulbeda*, 5 *Cal.*, 149. The plaintiff alleges that the property is his, and proved it before the referee. The defendant justified his seizure on the ground that he seized that property as that of *Kirk & Wilson*. In proving that the property belonged to plaintiff, we may concede that he also proved that it was in *Kirk & Wilson's* possession. Can the defendant take advantage of any testimony brought out by the plaintiff, to support a defense which he has not pleaded ? The only issues raised by the pleadings are, whether or not the property belonged to the plaintiff, and whether or not the defendant was justified in detaining them as the property of *Kirk & Wilson*. The reference was made to try the issues—the referee had a right to disregard any facts or testimony not bearing on the issues raised. He could not but have found in favor of plaintiff on the first issue. and the second could not have been decided differently from the first. A new trial, if awarded, must be granted upon one of the grounds mentioned in § 193, of the *code*, and we cannot see that this case can be brought under either of them.

*D. Lake*, for defendant.

*First*, Conceding that *Kirk & Wilson* were not the real owners of the property levied on, was the defendant a wrong doer in seizing the property under said process ?

*Kirk & Wilson* were in the full possession and enjoyment of the property, using it as their own, and carrying on business in their own names, in which the property was employed. It was the sheriff's official duty to seize all property found in possession of the debtor, unless he was advised and convinced of its belonging to a third person. *Prima facie*, goods found in the possession of a judgment debtor are liable to be seized. " The goods were in the actual possession of *Webb*, who was disposing of them as owner, in the ordinary way of a retail dealer, and were therefore *prima facie* liable to the execution in the defendant's hands." *Camp* v. *Chamberlain*, 5 *Denio*, 199 and 203.

The only safe course is for a sheriff to levy on all property found in the possession of the debtor, otherwise he has the burden in an action against him, of showing affirmatively that such property was not liable

to seizure.   *Camp* v. *Chamberlain*, 5 *Denio*, 199 ; 1 *Barn & Cres.*, 132 ; *Williams* v. *Loundes*, 1 *Hill*, (*S. C.*,) 595.   The court says : " It was the duty of the sheriff to make the levy without any indemnity whatever, as he found the goods in the hands of the defendant in the execution, and he would not have been liable to an action as a trespasser, if he had made such levy.   The goods were pointed out to him as the goods of the defendant in the execution.   He was exercising acts of ownership over them—they were in his exclusive custody and possession, and the sheriff would have incurred no peril from the act of levying."

So also *Bond* v. *Ward*, 7 *Mass.*, 126 : " If the goods of a stranger are in the possession of a debtor, and so mixed with the debtor's goods that the officer, upon due inquiry, cannot distinguish them, the owner can maintain no action against the officer until notice and a demand of his goods," &c.

I think it may be safely asserted that a sheriff cannot be made liable as a wrong doer, unless he has done a wrong, i. e., some act that he had no legal right to do.

This action is replevin in the *detinet*, which answers to the action of *trover ;* that is, it is for a wrongful detention.   The original taking being lawful, the sheriff could only be guilty of a conversion by a refusal to give up the property on demand by the real owner.

It has certainly been the uniform practice at *nisi prius* to require proof of demand and refusal in such actions against the sheriff—and, as will be seen by the authorities above cited, such practice is in accordance with the settled law.

See also *Daumeil* v. *Gorham*, 6 *Cal.*, 43 ; *Taylor* v. *Seymour*, 6 *Cal.*, 512.

*Second.*—Was the property in fact, as to creditors, the property of *Kirk & Wilson.*

(Not passed upon by the court.)

*A. T. Willson*, for plaintiff, in reply.

This case is entirely dissimilar from those cited from 6 *Cal.*   Those were actions against the sheriff for *damages* for taking the goods.   Here

we claim no damages.   We replevied the goods and have them.   The evidence shows that they were ours.

HAGER, J.—By the pleadings it appears this action was brought against the defendant to recover possession, or the value of certain personal property, which was seized by him as sheriff, under an attachment, in a suit against a person by the name of *Wilson*, who, at the time of levying the attachment, was in the possession of the property.

Prior to levying the attachment—which was done on the 19th day of February, 1857—plaintiff in this action, by a contract in writing, had bargained and sold the property to *Wilson*, which was to be delivered to him on the 24th of the same month.   *Wilson*, however, had paid a part of the purchase money agreed upon, and was in the actual occupancy and possession of the property at the time of levy.

There is no allegation or proof, on the part of this plaintiff, that he either gave notice of his claim to, or demanded the property in question of, the defendant before the commencement of this action.   *Wilson* being in the possession at the time of the levy, and having, apparently, the control of tho property, was *prima facie* the owner.   It was the official duty of the defendant, as sheriff, to levy on all property found in the possession of *Wilson*, as ostensible owner, and this property, under the proofs, was *prima facie* liable to be attached. If it was in fact the property of the plaintiff, or any other person, the real owner might have made his claim to it, and tried the question of title in a summary way, as authorized by our statute, or by an action of this kind.

Defendant having seized the property by virtue of his office and process, while in the possession of the party defendant mentioned in the writ, was entitled to notice and demand from the plaintiff before he can be held liable to an action for the possession or value.   Neither is it necessary, as was contended on the argument, that, in order to make this defense, defendant should specially plead want of notice and demand.   After defendant proved the possession was in *Wilson* at the time of the seizure, and justified under the process against him, the *onus* was on plaintiff to show affirmatively a proper demand and notice to entitle him to recover.

Report set aside, and new trial ordered.